**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **JANIE DOE, a minor, by and through her Legal Guardians, JOHN and JANE DOE**, | |
| Plaintiffs, | |
| v. | Civil Action No. 7:19-CV-210 (HL) |
| **COLQUITT COUNTY SCHOOLS, JAMES D. HOWELL, In His Capacity as Superintendent of Colquitt County Schools, JIM HORNE, In His Capacity as Principal of Willie J. William's Junior High School, ANDY HARDIN, In His Capacity as Assistant Principal of Willie J. William's Junior High School, WILL SOUTHWELL, In His Capacity as Assistant Principal of Willie J. William's Junior High School, and AVIS SMITH, In Her Capacity as Guidance Counselor of Willie J. William's Junior High School,** | |
| Defendants. | |

**ORDER**

Before the Court is Defendants Colquitt County Schools,[1] James D. Howell, Jim Horne, Andy Hardin, Will Southwell, and Avis Smith's Motion for More Definite Statement. (Doc. 10). Plaintiffs filed a response to Defendants' motion on March 9, 2020, seven days after the expiration of the March 2, 2020

---

[1] Defendants note that Colquitt County Schools is not a party capable of being sued. (Doc. 10, fn.1). The proper entity is the Colquitt County School District. Plaintiffs should take this information into consideration and determine whether an amendment is necessary.

filing deadline. <u>See</u> M.D. Ga. L. R. 7.2 (requiring any response in opposition to a motion be filed within 21 days of service of the motion). While Federal Rule of Civil Procedure 6(b) permits the Court to extend a deadline after it has expired upon a showing of good cause, Plaintiffs here neither requested an extension nor explained their late filing. Defendants accordingly move to strike Plaintiffs' response. (Doc. 12, p. 1-2). Because Plaintiffs neglected to comply with Rule 6(b) and Local Rule 7.2, the Court **GRANTS** Defendants' motion to strike.[2]

Upon consideration of Plaintiffs' Complaint, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for More Definite Statement. (Doc. 10).

## I.    BACKGROUND

Plaintiffs John and Jane Doe are the parents of Janie Doe. (Doc. 1, ¶ 6). During the 2018-2019 school year, Plaintiff Janie Doe was a Seventh Grade student at Willie J. William's Junior High School in Moultrie, Colquitt County, Georgia. (<u>Id.</u> at ¶¶ 1, 18). Plaintiffs allege that a minor, male student in Janie Doe's class repeatedly sexually harassed and sexually assaulted her. (<u>Id.</u> at ¶¶ 20-21, 25-26). Janie Doe reported the harassing conduct to her teacher on numerous occasions, and those reports were passed along to the Guidance Counselor and the Assistant Vice Principals. (<u>Id.</u> at ¶¶ 22, 25, 26, 29, 32-34, 38).

---

[2] The Court did review Plaintiffs' response. (Doc. 11). Plaintiffs presented no argument in their response that would otherwise alter the Court's disposition of the pending motion. The Court cautions Plaintiffs' counsel to review the local rules to avoid future timeliness issues.

While the male student admitted to the conduct alleged, school officials took no action against him, and Janie Doe was forced to remain in the same class as her attacker. (Id. at ¶¶ 23, 26-27, 29-30, 32).

Plaintiffs filed this lawsuit against Colquitt County Schools, alleging that the school system denied Janie Doe's right to equal protection under the Fourteenth Amendment and under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et. seq.*, pursuant to 42 U.S.C. § 1983 by (1) failing to designate a Title IX Coordinator for Willie J. William's Junior High School (Count I); (2) failing to establish policies and procedures to address allegations of sexual harassment and discrimination (Count II); (3) failing to implement a grievance policy to receive, investigate, and respond to reports of sexual harassment and discrimination (Count III); (4) failing to provide training to staff, students, and parents regarding the requirements and protections afforded by Title IX (Count IV); (5) failing to publish a notice of nondiscrimination (Count IV);[3] (6) failing to publish the contact information for the Title IX Coordinator and the Office for Civil Rights (Count V). Plaintiffs additionally allege that Defendants James D. Howell, the Superintendent of Colquitt County Schools; Jim Horne, the Principal at Willie J. William's Junior High School; Andy Harden, an Assistant Principal at Willie J. William's Junior High School; Will Southwell, an Assistant Principal at Willie J.

---

[3] Plaintiffs mistakenly numbered two counts "Count IV."

William's Junior High School; and Avis Smith, the school's Guidance Counselor, despite having actual knowledge of the sexual harassment, assault, and discrimination suffered by Janie Doe, failed to notify her parents, John and Jane Doe (Count VI) and failed to take meaningful corrective action to remediate the harassing and hostile educational environment experienced by Janie Doe (Count VI).[4] As a result of Defendants' failures, Plaintiffs allege that Janie Doe suffered, and continues to suffer emotional distress, psychological trauma, and mortification. (Id. at ¶¶ 49, 55, 63, 70, 79, 84, 91, 99).

## II.   DISCUSSION

Defendants move the Court to require Plaintiffs to recast their Complaint. Defendants argue that Plaintiffs' Complaint as presented is an impermissible "shotgun complaint" that does not adequately place Defendants on notice of Plaintiffs' claims. Defendants also move the Court to dismiss any official capacity claims raised against the individually named Defendants.

### A.   Motion for More Definite Statement

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleading standard established by Rule 8(a) does not require "detailed factual allegations," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007), it does

---

[4] Plaintiff mistakenly labeled two counts "Count VI" as well. There are eight counts total.

4

demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). Where a complaint is "so vague or ambiguous that a party cannot reasonably prepare a response," the responding party should move for a more definite statement. Fed. R. Civ. P. 12(e); Anderson v. Dist. Bd. of Tr., 77 F.3d 364, 366 (11th Cir. 2013) ("[A] defendant faced with a [shotgun pleading] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement."). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

A complaint that violates Rule 8(a)(2) "is often disparagingly referred to as [a] 'shotgun pleading.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has defined four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; (4) a complaint "asserting multiple claims against multiple

5

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Defendants argue that Plaintiffs' Complaint falls within the first category of offending complaints described by the Eleventh Circuit, with each count adopting all the allegations of the preceding counts.[5] Subheadings "Parties" and "Statement of Facts" and each of the eight Counts begin with a paragraph stating: "Plaintiffs re-allege and incorporate the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein." (Doc. 1, ¶¶ 5, 17, 44, 50, 56, 64, 71, 80, 85, 92). Defendants claim that "[i]f the Complaint is left in this manner, it will be extremely difficult, if not impossible, for Defendants to respond to each count." (Doc. 10-1, p. 5).

The Court is not persuaded that Plaintiffs' Complaint is a shotgun pleading. The Complaint itself is only 15 pages long and is otherwise well-organized and succinct. Plaintiffs set forth 27 straightforward statements of fact, clearly outlining

---

[5] The final two Counts of Plaintiffs' Complaint also arguably fit within the fourth category of shotgun pleadings, referring to Defendants collectively without specifying which Defendant is responsible for the conduct alleged. However, because the Court finds that the claims against the individual Defendants are subject to dismissal on other grounds, the Court does not analyze this purported pleading infraction.

6

the events preceding the lawsuit. The Statement of Facts is followed by eight clearly defined counts, each specifying a separate cause of action and the elements of the alleged offence. While not a precise pleading practice,[6] Plaintiffs "use of incorporation by reference . . . does not make it more difficult, let alone 'virtually impossible,' for defendants to connect the allegations of fact with the legal claims they are intended to support." <u>Sabet v. Apple, Inc.</u>, No. 1:13-cv-2005-AT-WEJ, 2013 WL 12371828, at *2 n.1 (N.D. Ga. Sept. 4, 2013) (citing <u>Anderson</u>, 77 F.3d 366) (Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.")). In short, Plaintiffs' Complaint is not so "vague or ambiguous" that Defendants "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Accordingly, Defendants' Motion for More Definite Statement is **DENIED**.

## B.    Motion to Dismiss Official Capacity Claims

Defendants assert that it is unclear whether Plaintiffs seek to sue them in their individual or official capacities. Rather than specifying whether each Defendant is sued in his or her individual or official capacity, Plaintiffs name each Defendant in the capacity of his or her professional position: James D. Howell, in his capacity as Superintendent of Colquitt County Schools; Jim Horne, in his capacity as Principal of Willie J. William's Junior High School; Andy Hardin, in his

---

[6] Perhaps the better pleading practice would be to re-allege the factual allegations rather than incorporating all preceding counts.

capacity as Assistant Principal of Willie J. William's Junior High School; Will Southwell, in his capacity as Assistant Principal of Willie J. William's Junior High School; and Avis Smith, in her capacity as Guidance Counselor of Willie J. William's Junior High School. Terminology aside, it is readily apparent that in naming the individual Defendants in this fashion, Plaintiffs intend to allege claims against them in their official capacities only.[7]

It is well-established in this circuit that "[w]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (internal quotation marks and footnote omitted). Suits against an entity and its agents are "functionally equivalent"; thus, "there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." Id. To allow a lawsuit to proceed against both the governmental entity and the individuals in their official capacity would be "redundant and possibly confusing to the jury." Id.

Here, Plaintiffs name Defendants in their official capacities as Superintendent, Principal, Vice Principal, and Guidance Counselor. As explained in Busby, Plaintiffs' official capacity claims against these Defendants are

---

[7] Plaintiffs acknowledged as much in their untimely response. (Doc. 11, p. 2).

indistinguishable from those claims asserted against the School District. Accordingly, the Court **DISMISSES** Plaintiffs' § 1983 official capacity claims against Defendants Howell, Horne, Harden, Southwell, and Smith. <u>See</u> <u>Gibson v. Hickman</u>, 2 F. Supp. 2d 1481, 1483 (M.D. Ga. Apr. 27, 1998) (dismissing § 1983 official capacity claims against school superintendent and principal because indistinguishable from § 1983 claims against the school district); <u>Godby v. Montgomery Cty. Bd. of Educ.</u>, 996 F. Supp. 1390, 1403 (M.D. Ala. Mar. 9, 1998) (dismissing official capacity claims against school superintendent, principal, and teacher as redundant).

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion for More Definite Statement is **GRANTED in part** and **DENIED in part**. Plaintiffs' official capacity claims against Defendants Howell, Horne, Harden, Southwell, and Smith are **DISMISSED**.

**SO ORDERED** this 21st day of April, 2020.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**